UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAZAROS O. CARDENAS, | : | |
| Plaintiff, | : | No. 3:20-cv-635 (KAD) |
| | : | |
| v. | : | |
| | : | |
| MILLS, | : | |
| Defendant. | : | |
| | : | |

**INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, Lazaros O. Cardenas ("Cardenas"), currently confined at Garner Correctional Institution ("Garner") in Newtown, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Cardenas contends that the defendant, Kitchen Supervisor Mills, failed to properly supervise kitchen workers to prevent contamination of his meal. The complaint was received on May 8, 2020. Cardenas' motion to proceed *in forma pauperis* was granted on May 21, 2020.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se*

litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

In the third week of March 2020, Cardenas discovered a large toenail in his Friday evening fish tray. Doc. No. 1 ¶¶ 1-2. Cardenas showed the tray and toenail to Officer Lorusso. *Id.* ¶¶ 3-4. Supervisor Major photographed the tray and issued Cardenas another meal tray. *Id.* ¶¶ 5-6. Cardenas alleges that the incident has traumatized him and he fears eating his meals. *Id.* ¶ 7.

**Discussion**

Cardenas alleges that the Defendant, Kitchen Supervisor Mills, failed to supervise the kitchen workers to ensure that no foreign objects were in the food trays. The court construes the claim as one alleging unconstitutional conditions of confinement in violation of the Eighth Amendment.[1]

To state an Eighth Amendment claim for unconstitutional conditions of confinement, Cardenas must allege facts supporting an objective element—that "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities"—and a

---

[1] The Department of Correction website shows that Cardenas was a sentenced inmate at the time of this incident. *See* ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=371160 (last visited May 22, 2020).

subjective element—that the defendant "acted with a sufficiently culpable state of mind, such as deliberate indifferent to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)).

The Eighth Amendment requires "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Al-Bukhari v. Semple*, No. 3:15-cv-322 (SRU), 2018 WL 4539661, at *6 (D. Conn. Sept. 21, 2018) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)) (internal quotation marks omitted).  But the deprivation of nutritionally adequate food or the provision of inedible food at a single meal does not constitute an Eighth Amendment violation. *See id.* (citing cases finding that an occasional deprivation of meals does not state an Eighth Amendment claim); *see also Roundtree v. City of New York*, No. 15-cv-8198, 2018 WL 1586473, at *8 (S.D.N.Y. Mar. 28, 2018) (single incident of contaminated food not a constitutional violation (citing *Lohman v. King Cty. Jail*, 2014 WL 4187150, at *3 (W.D. Wash. July 1, 2014) ("[N]either isolated instances of food poisoning, temporary lapses in sanitation, not occasional service of meals contaminated with foreign objects are sufficiently serious to rise to the level of a constitutional violation."))).

Further, Cardenas alleges that when he showed the unit supervisor the foreign object in his meal tray, the supervisor provided Cardenas another tray.  Thus, Cardenas was not denied nutritionally adequate food on even this one occasion.  Accordingly, Cardenas fails to allege facts to satisfy the objective component of a deliberate indifference claim.

In addition, to state a cognizable claim relating to food conditions, Cardenas must allege

3

that he suffered "a distinct and palpable injury." *Ford v. Aramark*, No. 18-cv-2696 (NSR), 2020 WL 377882, at *6 (S.D.N.Y. Jan. 23, 2020) (citations and internal quotation marks omitted). In *Ford*, for example, the court dismissed a claim that food was contaminated with hair and stones or improperly prepared on several occasions because the plaintiff discarded the food each time and, thus, did not suffer an illness or injury from the alleged contamination. *Id.* at *7. Here, Cardenas did not eat the food and was not injured by it.

Finally, to satisfy the subjective component of the deliberate indifference claim, Cardenas must allege that the defendant knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002) (defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and … dr[e]w that inference"). Negligent conduct does not meet this standard. *Farmer*, 511 U.S. at 835. Cardenas alleges that the defendant should have supervised the kitchen staff and food preparation more carefully to be sure that no foreign materials were in the food tray. This allegation sounds in negligence and is insufficient to support an Eighth Amendment violation claim. *Id.*

**Orders**

The Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of May 2020.

/s/
Kari A. Dooley
United States District Judge